Shauck, C. J.
On the thirty-first day of May, 1906, the republicans of the judicial subdivision named in the above title, which is composed' of the counties of Adams, Lawrence, Jackson and Scioto, held two delegate conventions in the court house in the city of Portsmouth for the purpose of nominating two candidates for judge of the court of common, pleas. • The two conventions, though held upon the same day, were not so precisely synchronized as to prevent the defendant’s acting as secretary of both conventions. The convention which acted first in point of time, by the usual modes of parliamentary proceeding, declared the relator nominated as one of said candidates. The other convention declared in his stead the nomination of Edward C.. Corns. The pleadings and briefs invite us to the consideration of many questions which under the. statutes regulating the subject are not now to be considered by us, but under section 2966-23 of the Revised Statutes are to be considered and determined by the board of election officers designated in that section. Since those facts are not to be considered by us, it will not be helpful to state *420 them;' It 'may be conceded that they involve questions upon which the validity of the nomination depends and whose decision must determine which of the rival candidates is entitled to a place upon the blanket ballot for the election next November.
The suit of the relator is to compel the defendant to sign a certificate of the action of the convention which declared his nomination. This to the end that he may have a standing before the election officers designated in the section referred to in order that'they may determine in the exercise of the power conferred upon them by that section which ■of the two candidates was nominated. We consider none of the facts which counsel present for our consideration except those which are involved in the relator’s right to that standing. Those facts are: first, that the statute enjoins the duty of making the •certificate upon the proper officers of the convention without designating who they are and, second, that the defendant, having already given a certificate of the nomination of Mr. Corns by the second convention, is now functus officio.
As to the first of these objections, it seems to be sufficient to say that the defendant regarded himself as the proper officer of the second convention so as to be bound under the statute to make the certificate of the nomination of the candidate in whose favor it declared. His conclusion in that regard rests upon so much reason that we do not doubt it is broad enough to cover his relation to the first convention. As to the second fact alleged, whatever there may be of personal inconsistency in the attitude in which the defendant has permitted himself to be placed by acting as secretary of the two rival conventions, there is no official incompatibility between his action *421 in certifying that one convention nominated' Mr. Corns and his proposed certificate that the other convention nominated the relator. The determination of the question which of these rival candidates was really nominated is not now for this court, and certainly it is not and never was for the defendant to determine. The writ sought will have no other effect than to place the relator in his proper attitude before the election officers named in the section of the statute referred to, without any decision or intimation from this court upon any question which will be involved in the determination of the question which of the two candidates was in fact and in law nominated.
The writ will be allowed.
Price, Crew, Summers, Spear and Davis, JJ., concur.